UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DAVID L SULLIVAN, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:25-cv-02609-TWP-MKK |
| TRANS UNION LLC, ABSOLUTE RESOLUTIONS CORPORATION, BLITT AND GAINES, P.C., EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC, | ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS**

This matter is before the Court on a Motion to Remand filed pursuant to 28 U.S.C. § 1447 by *pro se* Plaintiff David L. Sullivan ("Sullivan") (Dkt. 32), following removal based on federal question jurisdiction by Defendant Trans Union LLC ("Trans Union"). Also before the Court is Trans Union's Motion to Dismiss for failure to state a claim (Dkt. 12). For the following reasons, the Court **grants** the Motion to Remand and **denies as moot** the Motion to Dismiss.

## I.   BACKGROUND

This action is one of two filed by Sullivan arising from a credit reporting dispute. Sullivan originally sued Defendants Trans Union, Experian Information Solutions, Inc., Equifax Information Services, LLC, Blitt & Gaines, P.C., and Absolute Resolutions Corporation ("Absolute Resolution") (collectively, "Defendants") in Marion Superior Court, alleging violations of the Fair Credit Reporting Act ("FCRA"), Fair Debt Collection Practices Act, and Indiana law. *Sullivan v. Experian*, No. 49D11-2507-PL-031891 (Mar. Sup. Ct. July 5, 2025). In August 2025, Trans Union removed the first lawsuit to federal court on the basis of federal question jurisdiction. *Sullivan v.*

*Trans Union LLC*, No. 1:25-cv-1582-SEB-CSW. Trans Union filed a motion to dismiss, and Sullivan filed a motion to remand. While the motions were pending, Sullivan filed the instant lawsuit (also in state court) and voluntarily dismissed his first lawsuit. *See* Notice of Voluntary Dismissal, Dkt. 19, *Sullivan*, No. 1:25-cv-1582 (S.D. Ind. Dec. 11, 2025); (Dkt. 1-2). Both actions name the same Defendants and allege the same operative facts.

The Complaint in this case asserts five Counts: (1) "Deceptive and Unfair Practices (Ind. Code § 24-5-0.5)"; (2) "Negligent Misreporting (Common Law)"; (3) "Invasion of Privacy"; (4) "Negligent Misrepresentation (Common Law)"; and (5) "Failure to Correct Known Errors." (Dkt. 1-2 at 7–8). Sullivan alleges that he disputed a collection account that had been reported by Absolute Resolution to the Defendant credit reporting agencies. *Id* at 4. He requested documentation validating the debt, but the documentation he received was contradictory and deficient. Sullivan pointed out these deficiencies to the Defendant credit reporting agencies, but they failed to properly investigate the dispute and inaccurately republished the disputed information. *Id.* at 4–6.

Trans Union timely removed this action and promptly moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) (Dkt. 1; Dkt. 12). Sullivan then timely filed a Motion to Remand (Dkt. 32). Both Motions are ripe for the Court's review. Because the Court must determine whether it has jurisdiction over this action before considering the merits of Sullivan's claims, the Court will begin by addressing Sullivan's Motion to Remand.

## II.     LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction,[1] may be removed by the defendant or the defendants, to the district

---

[1] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* § 1446(b)(1).

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c). "The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

### III. DISCUSSION

Sullivan generally alleges that Defendants failed to adequately support or investigate a credit dispute and reported inaccurate information (Dkt. 1-2). The Complaint explicitly cites the Indiana Code and "common law," and, unlike the complaint in his first lawsuit, omits any reference to any federal statutes. *Id.* at 6–8. In his Motion to Remand, Sullivan argues that he is asserting only state law claims and the FCRA does not completely preempt those claims, so removal was improper (Dkt. 32 at 1–9). Defendants contend that Sullivan's Complaint asserts claims under the FCRA because it "referenc[es] FCRA principles" and therefore raises federal questions (Dkt. 40 at 2). The Court agrees with Sullivan.

"The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *McCarty v. Reynolds Metals Co.*, 883 F. Supp. 356, 359 (S.D. Ind. 1995) (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392

(1987)); *see Ne. Ill. Reg'l Commuter R.R. Corp. v. Hoey Farina & Downes*, 212 F.3d 1010, 1014 (7th Cir. 2000) ("Under the well-pleaded complaint rule, it must be clear from the face of the plaintiff's complaint that there is a federal question." (citing *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908))). Under the well-pleaded complaint rule, a plaintiff is the "master of the claim" and "may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar*, 482 U.S. at 392; *see The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) ("[T]he party who brings a suit is master to decide what law he will rely upon."); *Lister v. Stark*, 890 F.2d 941, 943 (7th Cir. 1989), *cert. denied*, 498 U.S. 1011 (1990).

The face of Sullivan's Complaint does not mention the FCRA or any other federal law. In his Motion to Remand, Sullivan affirms that "[t]he Complaint does not assert any cause of action under the FCRA, 15 U.S.C. § 1681 et seq., or under any other federal statute. . . . Plaintiff's Complaint pleads only Indiana state-law causes of action and invokes no federal statute as a source of relief." (Dkt. 32 at 5). Yet Defendants contend that Sullivan's allegations invoke the FCRA because the complaint in an earlier lawsuit raised FCRA claims and because the instant Complaint "reference[s] requirements under the FCRA, not any of the Indiana State Laws cited nor 'common law negligence.'" (Dkt. 40 at 2). Defendants reason that because Sullivan's allegations fail to assert a viable state law claim, he must be asserting a federal claim.

The Court may not consider the merits of a plaintiff's claims in determining whether it has jurisdiction. *See, e.g.*, *United States v. Rachuy*, 743 F.3d 205, 211 (7th Cir. 2014) ("When a court finds that it lacks jurisdiction, it is improper for it to proceed to the merits of the issue."). The Court may only consider the allegations in the well-pleaded complaint. And pursuant to that rule, "[i]t does not suffice that the facts alleged in support of an asserted state-law claim would *also* support a federal claim . . . . [n]or does it suffice that the facts alleged in support of an asserted state-law

4

claim *do not support* a state-law claim and would *only* support a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 12 (2003) (Scalia, J., dissenting) (internal citations omitted). "Jurisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986); *see Glisson v. U.S. Forest Serv.*, 55 F.3d 1325, 1328 (7th Cir. 1995) ("[I]f the plaintiff chooses to base his claim on state law, the defendant cannot obtain federal jurisdiction by showing that the claim *could* have been based on federal law instead, unless it is one of those cases in which federal law has so far occupied the field as to extinguish any remedy under state law for the injury of which the plaintiff complains.").

Because Sullivan's Complaint does not cite any federal law or assert any federal claims, it does not invoke federal jurisdiction. Whether Sullivan's Complaint fails to adequately plead a state law claim is for an Indiana state court to decide. *See Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n*, 707 F.3d 883, 897–98 (7th Cir. 2013) (finding district court that denied remand lacked jurisdiction, and remanding with instructions to remand case to state court); *Hays v. Cave*, 446 F.3d 712, 714 (7th Cir. 2006) (finding that district court improperly denied remand and reversing merits judgment in favor of defendants); *People of State of Ill. v. Kerr-McGee Chem. Corp.*, 677 F.2d 571, 578 (7th Cir. 1982) (finding that case was improperly removed on the basis of federal question, reversing district court's order denying remand, and remanding to lower court with instructions to remand case to state court).

Further, Defendants' reference to the "artful pleading doctrine" (Dkt. 40 at 5–6) is unavailing. Under the artful pleading doctrine, a plaintiff "may not frame his action under state law and omit federal questions that are essential to recovery." *Burda v. M. Ecker Co.*, 954 F.2d 434, 439 (7th Cir. 1992). "The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim . . . [because] 'any claim purportedly based on

5

that pre-empted state-law claim is considered, from its inception, a federal claim, and therefore arises under federal law.'" *Rivert v. Regions Bank of La.*, 522 U.S. 470, 475–76 (1998) (internal citations omitted) (quoting *Caterpillar*, 482 U.S. at 393). Defendants do not contend that the FCRA completely preempts state law claims, nor do they assert a preemption defense. (Dkt. 40 at 3); *see King v. Retailers Nat'l Bank*, 388 F. Supp. 2d 913, 915 (N.D. Ill. 2005) (granting motion to remand).

Sullivan was free to choose to pursue his debt dispute and reporting claims under state law, federal law, or both. He chose state law, so this Court lacks jurisdiction. If Sullivan later decides to amend his Complaint to add a federal claim, then Defendants will have another opportunity to remove this action. 28 U.S.C. § 1446(b)(3). But Defendants have not shown that the Complaint, as currently pled, creates federal jurisdiction. This case must be remanded, and Trans Union's Motion to Dismiss must be **denied as moot**.

## IV.  CONCLUSION

For the foregoing reasons, the Court **GRANTS** Sullivan's Motion to Remand (Dkt. 32). **The Clerk is directed to remand** this matter to the Marion Superior Court 6, Cause No. 49D06-2512-PL-057675, and to **close** this federal action. Trans Union's Motion to Dismiss (Dkt. 12) is **DENIED as moot**.

SO ORDERED.

Date:  2/26/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

DAVID L SULLIVAN
c/o Tsevaoth LLC
30 N Gould St #20856
Sheridan, WY 82801

Brian Harris Hendricks
Blitt and Gaines, P.C.
bhendricks@blittandgaines.com

Preandra Landrum
Bassford Remele P.C.
plandrum@bassford.com

Phillip Russell Perdew
Troutman Pepper Locke LLP
rusty.perdew@troutman.com

Nicholas J Prola
Bassford Remele PA
nprola@bassford.com

Katherine McFarland Stein
Equifax Inc.
kate.stein@equifax.com

Connor Trapp
Quilling Selander Lownds Winslett Moser
ctrapp@qslwm.com